IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-113-JJF |
| COREY ROANE, | : | |
| Defendant. | : | |

**DEFENDANT ROANE'S MOTION TO SUPPRESS ALL EVIDENCE OBTAINED AS A RESULT OF HIS UNLAWFUL STOP, SEIZURE AND SEARCH**

Defendant, Corey Roane, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12 (b) and the Fourth and Fourteenth Amendments to the United States Constitution, to suppress as evidence against him all evidence that resulted from the August 1, 2007 stop, seizure and search of his person in that the warrantless seizure lacked probable cause in violation of the Fourth Amendment.

In support of this motion Mr. Roane submits the following:

**I.   FACTUAL SUMMARY**[1].

1. On August 1, 2007, at shortly after 3:00 p.m. a woman telephoned the Wilmington Police department to report that her purse was snatched while she was standing in front of Temptation's Ice Cream Parlor in Trolley Square, Wilmington, Delaware. The woman clearly described that the person was a black male, wearing shorts, a dark colored shirt, and a dark colored wave cap. The

---

[1] The following factual summary is based upon discovery provided to the Defense. Thus, the Defense does not necessarily agree with these facts nor submit that these facts will be established at an evidentiary hearing.

woman also noted that the person was riding a 10 speed bicycle and that he was heading north on Du Pont Street. This description was radioed to Wilmington Police Officers in the field. A few minutes later, Officer Rennewanz was driving his patrol car on Du Pont Street and noticed a black male riding a bicycle north on Du Pont Street, although this person was wearing long pants with a dark colored shirt and a "doo rag". Officer Rennewanz activated his emergency lights and ordered Mr. Roane to pull over, which he did. Mr. Roane was immediately placed in hand cuffs. Thereafter, Mr. Roane's person was searched revealing a .40 caliber handgun in his waistband.

**II.    MOTION TO SUPPRESS EVIDENCE OBTAINED BY AN ILLEGAL SEARCH AND SEIZURE**.

2. Mr. Roane was ordered off of his bicycle without being observed violating any rules of the road, and without probable cause that he committed a crime, in violation of the 4th Amendment of the Constitution. Within the limits of the Fourth Amendment, in certain circumstances police officers may arrest an individual without a warrant, but the requirement of probable cause remains. Dunaway v. New York, 441 U.S. 200, 208 (1979). Probable cause is present where "the facts within [the officers'] knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." United States v. Butts, 704 F.2d 701, 703 (1983). The arresting officers' good faith is not enough. Henry v. United States, 361 U.S. 98, 102 (1959). Under the probable cause standard, the seizure of a person must be "supported by probable cause particularized with respect to that person." United States v. Butts, 704 F.2d 701, 704 (1983). An individual's mere presence at a location cannot alone support probable cause to arrest. Ybarra v. Illinois, 444 U.S. 85, 90 (1979).

3. After being ordered to stop riding his bicycle, Mr. Roane was immediately seized in that

he was handcuffed by Officer Rennewanz prior to any search. Clearly, being handcuffed is the functional equivalent of custody. See, Stansbury v. California, 511 U.S. 318, 322 (1994). The Defense asserts that at the time he was handcuffed by Officer Rennewanz, that probable cause was lacking, making Mr. Roane's seizure in violation of the th Amendment.

    4. As the Supreme Court noted in Terry v. Ohio, "police are in need of an escalating set of flexible responses, graduated in relation to the amount of information they possess." 392 U.S. 1, 10 (1967). In Terry, the Supreme Court recognized that a distinction should be made between a "stop" and an "arrest" (or seizure) and a "frisk" and a "search." Id. However, in his police reports or state court affidavits, Officer Rennewanz did not articulate any rational reason to believe that Mr. Roane was armed which is required to conduct a Terry frisk. Furthermore, Officer Rennewanz articulated no rational basis to believe that Mr. Roane could have been the purse snatcher. Mr. Roane was not wearing a backpack or anything to secrete extra clothing. He did not have a purse on his person. He had long pants on, and not shorts. Thus, it is apparent that Officer Rennewanz' conduct violated Terry.

    5. Mr. Roane asserts that all evidence obtained as a result of Officer Rennewanz unconstitutional actions must be suppressed as a fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471 (1963); United States v. Mendenhall, 446 U.S. 544 (1980); Florida v. Royer, 460 U.S. 1 (1983); Florida v. Bostick 501 U.S. 429 (1991).

    **WHEREFORE**, Mr. Roane requests this Court to hold an evidentiary hearing so as to allow relevant facts to be developed concerning the issues raised in this motion. Thereafter, Mr. Roane requests this Court to issue an order suppressing all evidence that was obtained as a result of the illegal stop, seizure and search.

                                                    Respectfully submitted,

                                                    /s/ Christopher S. Koyste
                                                  Christopher S. Koyste, Esquire
                                                  800 North King Street, Suite 302
                                                  Wilmington, Delaware  19801
                                                  (302) 419-6529
                                                  Email: ckoyste@koyste.com
                                                  Attorney for Corey Roane

DATED: October 22, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-113-JJF |
| | : | |
| COREY ROANE, | : | |
| | : | |
| Defendant. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

Undersigned Counsel certifies that the attached filing of Mr. Roane is available for public viewing and downloading and was electronically delivered on October 22, 2007 to:

Leslie Wolf, Esquire
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
800 North King Street, Suite 302
Wilmington, Delaware  19801
(302) 419-6529
Email: ckoyste@koyste.com
Attorney for Corey Roane