IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Criminal Action No. 07-113-JJF |
| | : |
| COREY ROANE, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant Corey Roane has filed a Motion to Suppress Evidence and Statements (D.I. 15), seeking to exclude all evidence seized from Mr. Roane, including all evidence obtained in the course of events that occurred on the afternoon of August 1, 2007. Defendant's motion fails to set forth a colorable basis for the requested relief. Accordingly and for the reasons set forth below, the government respectfully requests that the Court deny the motion.

**I.     BACKGROUND**

On the afternoon of August 1, 2007, at approximately 3:15 P.M., the Wilmington Police Department received a telephone complaint from a woman stating that her purse had been stolen in the Trolley Square area. The victim was able to provide a description of the suspect, stating that he was a black male, wearing a dark shirt, shorts, and a dark doo-rag and that he had fled the area on a 10-speed bicycle, heading north on DuPont Street. Dispatch then relayed information to officers in the area— describing the crime as a "robbery" and providing the physical description of the suspect. It was initially not known if the suspect had displayed a weapon

during the theft or if he was armed.

Several minutes after the call came in, Officer Rennewanz, responded to the scene. Officer Rennewanz, riding in his marked patrol car, identified a black male wearing a dark shirt, jeans, and a dark colored doo-rag riding a bicycle north on Du Pont Street. At the time Officer Rennewanz spotted this individual (subsequently identified as defendant, Corey Roane), he was two blocks from the scene of the reported theft. Roane was the only person observed riding a bicycle in the vicinity. As a second officer, Murdock, arrived at the scene, he activated his emergency lights and ordered Roane to stop. Roane complied with this request and climbed off of the bicycle. The officers advised Roane that he matched the description of a suspect in a robbery that had just occurred in the area. Roane was handcuffed for officer safety purposes and patted down at the scene. In the waistband of defendant's pants, with the handle protruding, the police discovered a Springfield Armory, Model XD 40 handgun with 10 live rounds in the magazine.

## II.   ARGUMENT

The Motion to Suppress challenges the validity of the initial stop of Roane and contends that he was "immediately seized" by officers when placed in handcuffs. "[U]nreasonable searches and seizures" are prohibited by the Fourth Amendment. U.S. Const. amend IV. Generally, a warrant based upon probable cause is required for a search. However, where a police officer has a reasonable suspicion of criminal activity, analyzed at the moment of the stop, the officer may conduct a brief investigatory stop. See United States v. Brown, 448 F.3d 239, 244 (3d Cir. 2006) citing Terry v. Ohio, 392 U.S. 1 (1968). In the course of such an investigatory, or Terry, stop police may take actions that are "reasonably necessary to protect

their personal safety and to maintain the status quo during the course of the stop." <u>United States v. Hensley</u>, 469 U.S. 221, 235 (1985). This can include handcuffing the suspect, and contrary to defendant's assertion, handcuffing a suspect does not automatically convert a <u>Terry</u> stop into a custodial arrest. <u>United States v. Prince</u>, 157 F. Supp.2d 316, 325 (D. Del. 2001) ("there is no per se rule that the use of handcuffs or placement in a police car during a traffic stop constitutes arrest"); <u>See</u> <u>also,</u> <u>United States v. Newton</u>, 369 F.3d 659, 674 (2d Cir. 2004) (<u>citing</u> cases); <u>United States v. Hamlin</u>, 319 F.3d 666, 671-72 (4th Cir. 2003) (officer's use of handcuffs during pat down did not convert <u>Terry</u> stop to arrest).

The government will demonstrate that the officers had reasonable suspicion to stop Roane and that placing him in handcuffs was reasonably necessary to ensure officer safety. The government expects the evidence will show that the officers were responding to a dispatch call relating to a "robbery" in the area. Roane was dressed almost identically to the description given of the suspect (but for wearing pants instead of shorts) and precisely matched all further known information— a black male riding a bicycle north on DuPont Street. Defendant was, in fact, the only person seen in the area riding a bicycle, just several minutes after the crime. Considering the totality of the circumstances, there can be no genuine dispute that the officers had reasonable suspicion to stop and question Roane. Further, evidence supports the finding that the decision to handcuff Roane was reasonably necessary to ensure officer safety. At the time they approached Roane, it was not clear whether the suspect in the theft had brandished a weapon during the course of he crime they were investigating. The officers conducted the pat down search of Defendant almost immediately after placing him in handcuffs, and it was the discovery of the weapon, rather than the reasonable suspicion of his involvement in the theft, that led to his arrest.

See United States v. Edwards, 53 F.3d 616, 620 (3d Cir. 1995) (length of detention one factor in determining when investigatory stop becomes custodial).  As the factual record supports the legality of both the stop and pat down of defendant, in so far as Roane's motion seeks to suppress evidence based upon the illegality of those actions, it should be denied.

### III.	CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny defendant's Motion to Suppress Evidence.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY: /s/Lesley F. Wolf
　　Lesley F. Wolf
　　Assistant United States Attorney
　　The Nemours Building
　　1007 Orange Street, Suite 700
　　Wilmington, Delaware 19899-2046
　　(302) 573-6277
　　lesley.wolf@usdoj.gov

Dated: October 26, 2007