IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 07-113-SLR |
| : | |
| COREY ROANE, : | |
| : | |
| Defendant. : | |

**DEFENDANT ROANE'S MOTION FOR PRODUCTION
OF IMPEACHMENT MATERIAL**[1]

Defendant, Corey Roane, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12 (b) and Brady v. Maryland, 373 U.S. 83 (1963) for the Government to produce materials to be used to impeach law enforcement officers testimony during the February 22, 2008 suppression hearing.

In support of this motion Mr. Roane submits the following:

**I.   FACTUAL SUMMARY**.

1. On December 18, 2008, a suppression hearing was held before Your Honor in relation to Mr. Roane's motion to suppress[2] the fruits of his August 21, 2007 seizure. The Government called Patrolman Murdock who testified that he stopped Mr. Roane while riding his bicycle on the street because his description was similar to that of someone who committed a robbery a few minutes prior. Patrolman Murdock's most critical testimony was that he first frisked Mr. Roane, and after

---

[1] The Defense is not moving for the recusal of AUSA Wolf since the production of impeachment material will allow effective cross examination of law enforcement officers without necessitating the calling of AUSA Wolf as a witness.

[2] Mr. Roane alleged in his Motion to Suppress that his seizure by the Wilmington Police Department was illegal and that the fruits of the seizure, must be suppressed.

feeling what he believed to be a weapon, searched his person finding a firearm.  This testimony was in opposition to a report written by Patrolman Rennewanz who was present at the scene of the search and arrest of Mr. Roane.  Patrolman Rennewanz' report indicates that Murdock handcuffed Mr. Roane before he was frisked.

      2.  During cross examination Murdock indicated that during the hearing was the first time that he heard that Rennewanz' report indicated that Murdock had first handcuffed and then frisked Mr. Roane.  See Transcript (Hereinafter referred to as "T") at page 38.  Murdock was questioned as to whether he had spoken to ATF Agent Giamato in relation to this case.  T-32.  Murdock's first answer was "no."  T-32.  Defense Council again asked the same question since Murdock's response was hard for Council to believe.  The second time that Murdock was asked this question he volunteered that he had spoken to Agent Gemmato "only in reference to telling me to be here."  T-32.  Murdock also agreed that he had not spoke to Agent Gemmato "at all about the arrest."  T-34.  Additionally, Murdock claimed that the only time that he had spoken to Rennewanz about the arrest of Mr. Roane was the day it occurred.  T-34.

      3.  After cross examination and redirect of Murdock the Government rested.  Defense Council requested to call Agent Gemmato and was informed that the Defense had to first properly serve process on the agent in order to call him as part of the Defendant's case.  T-53,54.  However, Rennewanz was in the Courthouse and was called to testify by the Defense while Gemmato was sequestered.  T-54.  While on the stand Rennewanz was given his police report, asked to identify whether any parts of it were incorrect, and he pointed out the section of his report that indicated that Mr. Roane was handcuffed and then frisked.  T-61, 62.

      4.  Although Rennewanz was not the arresting officer, he indicated that he has several conversations with Agent Gemmato about this case.  T-64.  When asked about whether Rennewanz

told anyone else about the claimed mistake in his report about the timing of the frisk of Mr. Roane, he indicated that "Officer Murdock and I talked about it with the other attorneys." T-67-68. Rennewanz indicated that this occurred a couple days prior to the suppression hearing and that Agent Gemmato was also present. T-68. Rennewanz agreed that someone at the meeting raised the issue of the timing of the frisk, but he could not recall who it was. T-68. Rennewanz stated that it was probably not he who raised this topic, and that it may have been Murdock or Agent Gemmato. T-68-69. After these statements Defense Council asked to approach the sidebar at which time discussions centered on whether a recusal of Government Council, AUSA Wolf, was needed in order to impeach the testimony of the Wilmington Police officers. The Suppression Hearings was continued to February 20, 2008. Pursuant to the order of this Court, any Defense motion to recuse was ordered to be filed by January 11, 2008.

**II.    MOTION FOR PRODUCTION OF IMPEACHMENT MATERIAL.**

5. Mr. Roane is clearly entitled to be informed of facts that can be used to impeach the credibility of the law enforcement officer's testimony pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The testimony that evolved in this action demonstrates vastly inconsistent testimony that centers on one of the most crucial issues in this case. However, if Murdock's credibility is found to be lacking, this also clouds other facts that he testified to which relates to whether there is probable cause to support Mr. Roane's arrest.

6. The Defense understands that there is not a written report that outlines the statements made during the meeting that took place between the parties to discuss Mr. Roane's arrest. Thus, it appears that there is not a written document that can be given to the Defense in order to effectively bring out in Court the inconsistent statements of any law enforcement officers. During Defense Council's discussions with AUSA Wolf and AUSA Rosen, it was made apparent the Government's

very strong objection to the Defense requesting the recusal and calling as a witness AUSA Wolf even though she was a witness to the conversations that took place. Although there appears to be no written documents, the Defense is still entitled to be provided with any impeachment facts, even if not memorialized. Thus, the Defense requests the Court issue an order requiring the Government to provide to the Defense all inconsistent statements made by Murdock and Rennewanz. Furthermore, the Defense requests that the Government be under a continuing obligation to inform the Defense of any additional inconsistent statements made by Murdock, Rennewanz and Agent Gemmato when he is called to the stand.[3] Such production is not only required by Brady, but then creates an environment where the Defense can effectively bring to light the inconsistent statements of law enforcement witnesses. Lastly, the Defense requests that such material be provided by February 13, 2008, so that there is adequate time to prepare for the Suppression Hearing.

**WHEREFORE**, Mr. Roane requests this Court to Order the Government to produce all inconsistent statements of law enforcement officers who have or will give testimony in this action.

Respectfully submitted,

 /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
709 Brandywine Boulevard
Bellefonte, Delaware 19809
(302) 762-5195
Email: ckoyste@koyste.com
Attorney for Corey Roane

DATED: January 11, 2008

---

[3] The Defense is in the process of perfecting service on Agent Gemmato. A subpoena has been served on Murdock and Rennewanz requiring their attendance at the February 20, 2008 suppression hearing.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-113-SLR |
| | : | |
| COREY ROANE, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned Counsel certifies that the attached filing of Mr. Roane is available for public viewing and downloading and was electronically delivered on January 11, 2008 to:

Leslie Wolf, Esquire
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, Delaware 19801


/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
709 Brandywine Boulevard
Bellefonte, Delaware  19809
(302) 762-5195
Email: ckoyste@koyste.com
Attorney for Corey Roane